UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARGARET PEDRAZA,

    Plaintiff,

v.                                  Case No:   2:13-cv-892-FtM-38DNF

MONARCH RECOVERY
MANAGEMENT, INC.,

    Defendant.
_____/

## ORDER[1]

This matter comes before the Court on Plaintiff's Motion for Remand and Memorandum of Law in Support (Doc. #12) filed on January 24, 2014. Although given the opportunity Defendant has not filed a response. This motion is now ripe for review.

## Procedural History

Plaintiff filed a four count Complaint against Defendant in the Twentieth Judicial Circuit in and for Charlotte County, Florida on or about November 21, 2013. (Doc. #2). The counts have been brought pursuant to the Florida Consumer Collection Practices Act, the Telephone Consumer Protection Act (hereinafter "TCPA"), and a federal telecommunications statute, 47 C.F.R. 64.1200. On December 26, 2013, Defendant filed a notice of removal to federal court. (Doc. #1). Defendant's notice states this court has

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.

original jurisdiction pursuant to a federal question, specifically the TCPA. Plaintiff filed this motion to remand.

## Standard

The law governing matters removed to federal court is clear and strictly construed.

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441. With regard to matters removed to federal court pursuant to federal question jurisdiction, Courts look to the face of a properly pleaded complaint to determine if a court has subject matter jurisdiction. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); Key Bank U.S.A., N.A. v. First Union Nat. Bank of Florida, 234 B.R. 827, 830 (M.D. Fla. 1999). In addition, a matter removed to federal court must be timely made within 30 days after receipt of the initial pleading, after service of the summons upon the defendant, or after the matter has become removable. 28 U.S.C. § 1446. The burden is on the removing party to establish that a district court has jurisdiction over a matter. Bolen v. Illinois Nat. Ins. Co., No. 6:10-cv-1280-Orl-37DAB, 2012 WL 4856811 *2 (M.D. Fla. Aug. 28, 2012) (citing Williams v. Best Buy Company, Inc. 269 F.3d 1316, 1319 (11th Cir.2001)).

## Discussion

Procedurally, Defendant concedes in its Notice of Removal that Plaintiff filed the original complaint on or about November 21, 2013. (See Doc. #1). In addition, Defendant states it was served with a copy of the summons and complaint on December 3, 2013. (Doc. #1-1). Thereafter, on December 26, 2013, Defendant filed a Notice of Removal to

federal court. (Doc. #1). Therefore, Defendant's notice was timely filed within the 30 day time frame after service of the summons. Plaintiff offers no argument to negate removal to federal court procedurally.

With regard to jurisdiction, Plaintiff contends the Court should abstain from exercising its jurisdiction because of the Younger doctrine. Plaintiff relies on Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982). Alternatively, Plaintiff contends the case should be bifurcated by allowing the counts brought pursuant to the TCPA and federal telecommunications statute to remain in federal court and all other counts not brought pursuant to a federal statute to be remanded to the Twentieth Circuit.

The Court finds Plaintiff's arguments to be unavailing. Pursuant to the Younger doctrine, federal courts should abstain from matters involving "vital state interest." Middlesex County Ethics Comm., 457 U.S. at 432. Here, there is no vital state interest and this Court would not be overstepping its jurisdictional limitations by facilitating this litigation.[2] This Court has subject matter jurisdiction in this matter because there was a federal question at the time of removal due to the count brought pursuant to the TCPA. Davenport v. Ford Motor Co., No. 1:05-cv-3047-WSD, 2006 WL 2048308 at *4 (N.D. Ga. July 20, 2006) (citation omitted); c.f. Meyer v. Health Management Associates, Inc., 841 F.Supp.2d 1262, 1267 (S.D. Fla. 2012) (remanding the matter to state court because the Complaint did not allege a federal question). Plaintiff is the master of the claim who can avoid federal jurisdiction by filing a complaint in state court brought only pursuant to state

---

[2] Federal courts have repeatedly facilitated litigation that involved Florida law including the Florida Consumer Collection Practices Act. See e.g., Bacelli v. MFP, Inc., 729 F.Supp.2d 1328 (M.D. Fla. 2010); North Star Capital Acquisition, LLC v. Krig, 611 F.Supp.2d 1324 (M.D. Fla. 2009); Trent v. Mortgage Electronic Registration Systems, Inc., 618 F.Supp.2d 1356 (M.D. Fla. 2007).

law. See Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997); Key Bank, 234 B.R. at 830. Here, Plaintiff included a federal question within the complaint and therefore subjected herself to federal court. Further, bifurcation of the complaint is not a proper remedy either.

Accordingly, it is now

**ORDERED:**

Plaintiff's Motion for Remand and Memorandum of Law in Support (Doc. #12) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida this 11th day of February, 2014.

*[signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:  All Parties of Record